**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT J. SAX-COBERG-GOTHA,**

    **Plaintiff,**

v.                                                                                           Civ. No. 08-723 WJ/WDS

**U.S. GOVERNMENT,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Robert J. Sax-Coberg-Gotha's motion to proceed *in forma pauperis* ("IFP"), filed August 4, 2008, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court has also considered the Plaintiff's Motion to Amend, filed February 5, 2009 (Doc. 12); and his Motion to Seek an International Law Solution, filed March 9, 2009 (Doc. 13), which purports to "anull [sic] the two previous motions requesting a new Social Security number and a U.S. passport," Doc. 13 at 2, and which the Court construes as an amended petition.

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Plaintiff, who states he "is lacking any form of ID," Doc. 1 at 3, and gives his address as the United States District Court for the District of New Mexico, *see* Doc. 7, initially sought an

order requiring the Social Security Administration to issue him a new birth certificate and new social security number. *See* Doc. 1 at 3. According to the Plaintiff, his current birth certificate and social security number are under his "given" name of Rodolpho Santiago Soldevila and his birth certificate states that he was born in Puerto Rico on January 23, 1954. *See* Doc. 12 at 1. The Plaintiff insists, however, that he actually was born in London as "a member of the British Royal Family," and that he was "transferred" to Puerto Rico "by means of Diplomatic Immunity" and given an "assumed name" and birth certificate when he was six years old. *See id.* at 2-3; *id.* Att. 1 at 2. He states that his "original, registered" name of Robert J. Sax-Coberg-Gotha was "forgotten due to amnesia." *Id.* Att. 1 at 2.

On January 22, 2009, the Plaintiff sent a letter to the presiding judge, informing the Court (i) that the Plaintiff had spelled his name wrong in his former pleadings and motions, and that "Coberg" should be spelled "Coburg;"[1] (ii) that the Court should "recognize [his] judicial personality as a British subject" and (iii) that his new birth certificate should list "the King and Queen of England as my parents." Doc. 9 at 1-2.

In February 2009, the Plaintiff filed a motion to amend his complaint to add the "U.S. Department of State" as a defendant because he had to "move to Europe to pursuit [sic] other matters related to [his] case" and needed the Department of State to issue the passport with his "original name" instead of his "given name." Doc. 12 at 1.

In his most recent motion, captioned "*Motion to the Honorable Judge W.D. Schneider*

---

[1] The Court takes judicial notice that, upon "the death of Queen Victoria in 1901 the royal house took the Germanic surname of her consort Prince Albert of Saxe-Coburg-Gotha," http://www.englishmonarchs.co.uk/saxe_coburg_gotha.htm, but that, in 1917, King George "announced the new name of the Royal House and family to be "The House of Windsor" . . . [instead] . . . of the House of Saxe-Coburg and Gotha," New York Times, July 18, 1917.

*Pleading for an International Law Solution by Asking Political Asylum to the Government of Germany's Embassy at Washington, D.C.*", the Plaintiff states that he has had political problems "by having being [sic] a leader of the Puerto Rico Independence Cause, which has created to me a problem of imminent danger."  Doc. 13 at 1.  He requests that, because Albuquerque does not have "German Embassy facilities," the Court send him "to the German Embassy in Washington, D.C. to start the process of such recourse under the International Law's Charter of Human Rights as attested by the United Nations." *Id.*  He asserts that his "current legal address" is still the District Court and that his former address was in Isla Verde, Puerto Rico; that this motion "anulls [sic]" his previous motions and requests for relief, and that his efforts are solely focused on obtaining the relief requested in this motion. *Id.* at 2.

The Court concludes that the Plaintiff's filings must be dismissed as frivolous under § 1915(e)(2)(B)(1) and (2).  Not only do they not "plausibly support a legal claim for relief," *Kay*, 500 F.3d at 1218, but the claims are factually based on "delusional scenarios," *Neitzke*, 490 U.S. at 327, that are "wholly incredible.[2]"  *Denton v. Hernandez*, 504 U.S. at 33.  His motion to amend shall be denied, and granting another opportunity to amend would be futile.

**IT IS ORDERED** that the Plaintiff's Motion to Amend (Doc. 12) is DENIED and that his complaints (Docs. 1 & 13) are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court takes judicial notice that on January 23, 1954, when the Plaintiff claims that Queen Elizabeth was giving birth to him in London, she actually was on her six-month-long post-coronation Commonwealth Tour that began in November 1953, and was touring New Zealand.  *See* Http://www.royal.gov.uk/HMTheQueen/Publiclife/PublicLife1952-1961/1952-1961.aspx.  According to the Queen's official website, "with the birth of Prince Andrew in 1960, The Queen became the first reigning Sovereign to give birth since Queen Victoria." *Id.*